# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.   07-10234-02-WEB |
| ) | |
| **LINDA K. SCHNEIDER, a/k/a** ) | |
| **LINDA K. ATTERBURY,** ) | |
| **d/b/a SCHNEIDER MEDICAL** ) | |
| **CLINIC** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

Defendant is charged by Indictment filed December 20, 2007, with multiple counts of conspiracy, unlawful distribution and dispensing of controlled substances, health care fraud, money laundering and illegal monetary transactions.[1]

Defendant appeared on December 21, 2007, for an initial appearance under Fed.R.Cr.P. 5, and for consideration of detention or release pursuant to 18 U.S.C. § 3142, et. seq. The Government appeared through Tanya Treadway, Assistant United States Attorney. Defendant Linda K. Schneider a/k/a Linda K. Atterbury appeared through appointed counsel John Rapp.

On December 20, 2007, the Government filed its Motion for Special Conditions of Release, In Lieu of Detention. (Doc. 1.) The motion seeks eight (8) special conditions of

---

[1] A prior Complaint was filed against the defendant. Case No. 07-M-6337-02-KMH (Sealed). That Complaint is being dismissed.

release.  (Doc. 1 at 10.)   At the December 21 hearing, the Court heard arguments and proffers from all parties concerning the issue of detention or release and concerning the special conditions requested by the Government if the Defendant was to be released.  The Pretrial Officer assigned to the case has recommended that Defendant be detained pending trial.

After reviewing the proffers and hearing arguments of counsel, the court is prepared to rule on the Government's motion for special conditions of release.  (Doc.1.)  The motion is DENIED for the reasons set forth in this Order, and Defendant is to be detained pending trial.

## I.    *Basis for a Detention Hearing.*

The Government argues that there is a rebuttable presumption of detention under 18 U.S.C. § 3142(e) in this case for two reasons: (1) Defendant is facing a maximum sentence which is life imprisonment; and (2) Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et.seq.  The Court agrees that there is a presumption of detention because of the ten-year term of incarceration imposed by the Controlled Substances Act, but does not agree that a presumption of detention arises from the fact that Defendant is facing a maximum sentence of life imprisonment.[2]

---

[2] The Bail Reform Act, 18 U.S.C. § 3142(e), sets out two separate bases for a presumption of detention.  The first is if a defendant is charged with a crime described in subsection (f)(1), *i.e.*, an offense for which the maximum sentence is life imprisonment or death.  However, that presumption is only applicable if the judicial officer finds that certain other conditions are met: (1) that the defendant has been convicted of an offense described in subsection (f)(1); (2) that the offense in subsection (f)(1) was committed while the person was on release pending trial for a Federal, State or local offense; and (3)

While Defendant has opposed the Government's motion for detention, she has not contested the Government's right to a detention hearing in this case. The court finds that the Government is entitled to a detention hearing under the Bail Reform Act based upon the allegations set out above, and that the charges of violation of the Controlled Substances Act triggers a presumption of detention.

## II.     Requirements for Detention of Defendant.

The Bail Reform Act provides that after a detention hearing, if the judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e).

The Act also defines the burden of proof which the Government must meet in order to secure the detention of a defendant before trial. Under 18 U.S.C. § 3142(f), "[t]he facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *United States v. Cisneros,* 328 F.3d 610, 616(10th Cir. 2003). While the Act is silent on the Government's burden of proving that there is a serious risk that defendants might flee, courts have held that the burden of proof on this issue is simply preponderance of the evidence. *Id.*

## III.    Consideration of Factors in 18 U.S.C. § 3142(g).

---

a period of not more than 5 years has elapsed since the date of conviction.  Here, Defendant does not meet these additional requirements.

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and safety of any other person and the community, and thereby not require the pretrial detention of the defendant, the court must consider the elements set out in 18 U.S.C. § 3142(g).  ***Cisneros***, 328 F.3d at 617.  Each of these elements will be addressed separately:

**(1)     *The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.***

As noted previously, the crimes charged in this case include charges of unlawfully distributing and/or dispensing controlled substances.  Moreover, the charges claim that this conduct has resulted in numerous deaths of people to whom Defendant dispensed these controlled substances.  Overall, this factor weighs in favor of detention of defendant pending trial.

**(2)     *The weight of the evidence against the person.***

The weight of the evidence against Defendant as to the offenses charged appears to be substantial.  However, the charges in this case are complex in nature.  Thus, while the Government has detailed much evidence in the Indictment, the nature of the charges makes the case much more difficult to analyze than a simple illegal distribution of controlled substances.  The Court believes that this factor is neutral and favors neither detention or release.

**(3)     *The history and characteristics of the person, including–***
      ***(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the***

> *community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and*
> > *(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.*

As to the elements set out in subsection (A), there is no question that Defendant has been a long-time resident of the Wichita, Kansas area, with family and community ties. Likewise, there was no showing that Defendant had a record of failing to appear at court proceedings. While Defendant has been regularly employed, it is this very employment and operation of the medical clinic which give rise to the charges in this case. As to financial resources, and as will noted below, it appears that virtually all of Defendant's assets have been seized or are subject to forfeiture by the Government with the possible exception of property located in Mexico and Oklahoma.

As to the elements set out in subsection (B), Defendant Linda Schneider does have a history of past criminal conduct. She is currently on probation in Case No. 06-10106-01-MLB, and the Government has filed a Motion to Revoke Probation in that case (Doc. 32), arguing that the charges in the Indictment in the present case show that Defendant committed additional crimes while she was on probation. That motion is not currently before the Court for consideration.

The Government also argues that Defendant continued to commit the crimes set out in the Indictment in this case even after she knew that law enforcement authorities were investigating her and had executed search warrants on the medical clinic. While Defendant is entitled to the presumption of innocence, 18 U.S.C. § 3142(j), these factors

weigh in favor of detention of Defendant.

> **(4)** *The nature and seriousness of the danger to any person or the community that would be posed by the person's release.*

This is the area of the most concern to the court in connection with the issue of pretrial detention. The focus of the court's concern is the possibility that Defendant's continued operation of the medical clinic could be detrimental to the health and safety of those individuals to whom Defendant has in the past, and may in the future, prescribe controlled substances. It is alleged that a substantial number of Defendant's patients have died in the past several years due to drug overdoses on medications prescribed by Defendant and that the number of such incidents from Defendant's clinic far exceed the norm in this community for other pain management facilities.

This factor weighs in favor of detaining Defendant pending trial.

## IV.  Are There Conditions Which Will Reasonably Assure Defendants' Appearance at Future Proceedings?

Defendant does not appear to have any current means of income or employment other than operation of the medical clinic. The Government argues that with Defendant's source of income now terminated, and with the fact that, if convicted, she could be facing a significant sentence of imprisonment, there is a serious risk that Defendant will flee and not appear for future proceedings. Courts have noted that a defendant's knowledge of the seriousness of the charges coupled with sufficient resources to abscond might tend to support a conclusion that a defendant is a flight risk. *Cisneros,* 328 F.3d at 618.

In this case, the Court is also faced with evidence that Defendant has regularly

traveled to Mexico, has a home in Mexico, has a bank account in Mexico, and has "family" living there who could assist her if she sought to abscond. Under the circumstances of this case, the Government has met its burden of proving, by a preponderance of the evidence, that there is a serious risk that Defendant will fail to appear for future proceedings if she is released pending trial.

The Government thereby seeks to impose special conditions on Defendant if she is to be released. Some of those conditions relate directly to whether Defendant will appear in court as she is required. For example, the Government seeks a restriction on Defendant's travel by allowing her to travel only in the State of Kansas, requiring any travel outside of the Wichita, Kansas area to be pre-approved by Probation and Pretrial Officer, and requiring that Defendant surrender her passport.[3] The Government also seeks electronic monitoring (or GPS monitoring). These are normal conditions that the Court could readily impose if Defendant was to be released. *See e.g.*, 18 U.S.C. § 3142(c)(1)(B), subsections vii (curfew with electronic monitoring), iv (travel restrictions) and xiii (return to custody for specified hours).

The Government also seeks a requirement that Defendant either execute an agreement to forfeit real and personal property or post a significant bond. These are also standard conditions often imposed by courts. *See e.g.*, 18 U.S.C. § 3142(c)(1)(B) subsection xi (agreements to forfeit property) and xii (bail bonds).

---

[3] Defendant has already surrendered her passport in Case No. 06-10106-01-MLB (Doc. 31).

Finally, the Government seeks to require Defendant to repatriate money from Mexico and to sell property in Mexico, with such funds to be held in trust by the U.S. Marshal. The Court can find no specific provision of the Bail Reform Act that would support imposition of such a condition other than 18 U.S.C. § 3142(c)(1)(B)(xiv) which authorizes "any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." While an argument can be made that this "catch-all" provision might allow the Court to require repatriation of money from Mexico so that it could not be used by Defendant to abscond, the Government has cited no authority where such a condition has been imposed by any other Court. Nor is there any reasonable mechanism to monitor or compel compliance with such a condition. The Court will therefore not consider a requirement that Defendant return or repatriate money from Mexico or sell her Mexican real property.

Defendant apparently has no unencumbered substantial assets which could be used to obtain a significant bail bond. The reason is that the Government has already seized virtually all of her real and personal property by use of seizure warrants (sealed), *see* Doc. 1 at 5, n. 4, and the filing of forfeiture proceedings in Case No. 07-1119-MLB (sealed). Defendant could be required to execute an agreement to forfeit all her real and personal property if she failed to appear (and also if she failed to comply with other conditions of release), but such an agreement is of limited value in this case. The property has already been seized and is not available to Defendant in any event. While a breach of the agreement to forfeit property would make it easier for the Government to accomplish a

complete forfeiture of these assets (thus avoiding the necessity of proof at trial), that fact is not a proper consideration when addressing the issue of detention or release.[4] As a practical matter, Defendant has undoubtedly reached a conclusion that those assets are effectively lost to her.

Finally, the Court is concerned about the Government's recitation of the circumstances and events surrounding and immediately preceding Defendant's arrest in this case, and the appearance that she was attempting to elude and evade law enforcement officers. Defendant may argue that she has not seen any evidence to support the proffer made by the Government as to what occurred during and immediately prior to Defendant's arrest and that such evidence violates her Constitutional rights to due process. The Bail Reform Act specifically allows proffers by a defendant in a detention hearing, *see e.g.*, 18 U.S.C. § 3142(f) (defendant "has the right "to present information by proffer or otherwise."). While the Act does not expressly give the Government the right to proceed by proffer, several courts have held that Government proffers are proper. *See* U.S. v. Gaviria, 828 F.2d 667, 669 (11th Cir. 1987); U.S. v. Cardenas, 784 F.2d 937, 938 (per curium), *vacated as moot*, 792 F.2d 906 (9th Cir. 1986). See also, U.S. v. Lewis, No. 94-40044-SAC, 1994 WL 579928 at * 3 (D. Kan. Sep. 29, 1994). Moreover, under the

---

[4] The Court is to consider an agreement to forfeit assets as a condition of release only if it will reasonably assure a defendant's appearance at trial. Whether such an agreement, if breached, would make it easier for the Government to prevail on its forfeiture allegations in the Indictment, *see e.g.*, Doc. 2 at 57-64, is not a matter this Court will consider in deciding detention issues.

Bail Reform Act the rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. 18 U.S.C. § 3142(f)(2). The Court can and should consider the Government's proffer.

The court therefore finds that there are no conditions, or a combination of conditions, which will reasonably assure Defendant's attendance at future proceedings and at trial. Absent the ability to assure that Defendant does not have funds or assets in Mexico which she could use to abscond, and because an agreement to forfeit United States assets is not effective, even the conditions suggested by the Government will not reasonably assure that Defendant will appear as required.

## V.     *Are There Conditions Which Will Reasonably Assure the Safety of Any Other Persons and the Community?*

This is the court's greatest concern in this case. The issue of whether Defendant, if released, is likely to pose a "danger" to persons in the community by continuing to operate the medical clinic and to dispense controlled substances is a serious consideration. The court does not view the question of "danger" as being limited solely to the possibility of a physical attack or assault on a person. *See e.g.,* **United States v. Lee,** 208 F.3d 228 (Table), 2000 WL 228263 at * 2 (10th Cir., Feb. 29, 2000) (Congress intended the term "dangerousness" in the Bail Reform Act to have a much broader construction than might be commonly understood in everyday parlance and can extend to nonphysical harms such as corrupting a union).

In this case, now that her husband has been detained by the Court, Defendant

argues that she would not be able to prescribe controlled substances or medically treat patients so there is no danger to the community. The Court does have concerns, however, that Defendant, who appears to have run the business side of the medical clinic, could use other medical personnel at the clinic to continue to prescribe controlled substances and treat patients in the same manner as in the past. Furthermore, other charges in this case involve health care fraud, both as to the Government and as to private companies. If Defendant were able to continue to operate the clinic with the assistance of other persons, this could still result in the type of billings alleged to be health care fraud.

The Government has the burden of establishing by clear and convincing evidence that there are no conditions or combination of conditions which the court can impose to assure the safety of the community. Proof by a clear and convincing standard requires more than mere speculation. *Cf.* **United States v. Brannon,** 208 F.3d 277 (Table), 2000 WL 235237 at * 1 (10th Cir., Mar. 2, 2000) (district court regarded family members' opinion about what defendant may do or might do if released to be sheer speculation).

The Bail Reform Act does not define the term "clear and convincing evidence" and the court has not been able to locate a case in the Tenth Circuit which defines that term in connection with the Bail Reform Act. Some guidance is gained, however, by reference to civil cases both in federal and state courts:

> Clear and convincing evidence means that the witnesses to a fact must be found to be credible; the facts to which the witness testified must be distinctly remembered; the details in connection with the transaction must be narrated exactly and in order; the testimony must be clear, direct, and weighty; and

> the witnesses must be lacking in confusion as to the facts in issue.

***In re Roth***, 269 Kan. 399, 409, 7 P.3d 241, 249 (Kan.,2000).  Using Kansas law, the federal court has defined the terms "clear" and "convincing" as follows:

> Evidence is *clear* if "it is certain, unambiguous, and plain to the understanding." . . .  Evidence is *convincing* if "it is reasonable and persuasive enough to cause the trier of fact to believe it." . . . . (internal citations omitted).

***Bausman v. Interstate Brands Corp***. 252 F.3d 1111, 1115 -1116 (10th Cir. 2001).

Applying the above definitions to the evidence proffered in this case, the court finds that there are no conditions or combination of conditions which will reasonably assure the safety to other persons and the community if Defendant is released pending trial.  The Court also finds that a preponderance of the evidence shows that there is a serious risk that Defendant would flee or fail to appear in court as required.  Finally, Defendant has not come forward with evidence sufficient to overcome the rebuttable presumption of detention in this case.

IT IS THEREFORE ORDERED THAT the Government's Motion for Special Conditions of Release In Lieu of Detention (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the

United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. Defendant shall be detained pending trial.[5]

The parties are advised of their right to seek review or modification of this Order by the district judge assigned to the case pursuant to 18 U.S.C. § 3145(a) and (b).

Dated at Wichita, Kansas, this 21st day of December, 2007.

   s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

---

[5] While the Government did not initially file a motion seeking detention of Defendant, it did move for detention orally at the December 21 hearing because Defendant refused to accept the special conditions outlined by the Government in its motion. In any event, the Court is not bound by the Government's position on detention and the Court, on its own motion, can proceed with a detention hearing if there is a serious risk that the defendants might flee. *See* 18 U.S.C. § 3142(f)(2).