IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-10234-WEB |
| | ) | |
| STEPHEN J. SCHNEIDER, | ) | |
| and | ) | |
| LINDA K. SCHNEIDER, a/k/a | ) | |
| LINDA K. ATTERBURY, | ) | |
| d/b/a SCHNEIDER MEDICAL CLINIC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**GOVERNMENT'S UNOPPOSED MOTION TO
PRESERVE POTENTIAL EVIDENCE AND ASSETS**

The United States of America, by and through Assistant United States Attorney
Tanya J. Treadway, moves the Court for an Order to Preserve Potential Evidence and
Assets of Schneider Medical Clinic.  In support of its motion, the government states as
follows:

1.      On December 20, 2007, the Grand Jury returned an Indictment against
the defendants, charging them with 34 felonies, including conspiracy, in violation of 18
U.S.C. § 371; drug distribution, in violation of 21 U.S.C. § 841(a)(1); health care fraud,
in violation of 18 U.S.C. § 1347; and money laundering, in violation of 18 U.S.C. §§
1956 and 1957.  See Doc. 2.  Additionally, the government seeks substantial forfeitures.
See id.

2.      Since December 21, 2007, the defendants have been detained.  See Doc.
10, 11.

1

3.     On January 28, 2008, defendant Stephen J. Schneider's license to practice medicine was temporarily suspended.  Because defendant Stephen J. Schneider is the sole owner of the Schneider Medical Clinic, the Kansas State Board of Healing Arts directed that the Schneider Medical Clinic be closed as of Friday, February 1, 2008.

4.     Given the fact that the Clinic will no longer be able to treat patients, former patients of defendant Stephen J. Schneider and the Schneider Medical Clinic may seek to obtain copies of their medical records, to which they are entitled.  This motion does not seek to prevent patients from accessing their medical records, but simply seeks to require that the original records be preserved and maintained, and that only copies of those records be provided to patients.

5.     The Schneider Medical Clinic has custody of hundreds of original patient files and other records.  Those patient files and records are potential evidence in the criminal proceeding, in the parallel forfeiture proceeding, Case No.07-1119-MLB, in pending civil malpractice lawsuits, and in the pending licensing proceeding before the Kansas State Board of Healing Arts.

6.     State and federal regulations require that defendant Stephen J. Schneider maintain patient records, and those patient records must additionally be maintained in order to support claims made to health care benefit programs.  See, e.g., K.A.R. 30-5-59(d) (Medicaid requirements for maintaining records); K.A.R. 100-24-2 (patient record storage); K.A.R. 100-24-3 (notice of location of records upon termination of active practice); 18 U.S.C. § 1395*l* (e)(information for determination of amounts due under Medicare Part B).

7.      The United States has filed a civil forfeiture against the Schneider Medical Clinic, and the Clinic is also a potential forfeitable asset in the criminal case.

8.      The patient files and other records are assets of Schneider Medical Clinic, and therefore have a potential value if the clinic were sold as an on-going business.  As assets, they should be preserved, especially since the United States has an interest in those assets as potential forfeitable property.  The Court has the authority to act to preserve assets, as well as to regulate discovery.  See 18 U.S.C. § 983(j), 21 U.S.C. § 853(e); Fed. R. Crim. P. 16(d).

9.      The individual who has been serving as the Clinic's Custodian of Records is Timothy MacDonald, the Clinic's Administrator.  As recently as Wednesday, January 30, 2008, he continued to serve in that capacity.

10.     Because the Clinic's sole owner, defendant Stephen J. Schneider, remains detained, the Court must step in to preserve both potential evidence and assets on defendant's behalf.

11.     To preserve the patient files and other records as both potential evidence and assets, the Court should order the Clinic to maintain and preserve its original patient files and other records, while providing copies of patient files to patients upon their request.  Additionally, the Court should order the Clinic to either continue Timothy MacDonald as its Custodian of Records, or designate another Custodian of Records if Mr. MacDonald can no longer serve in that capacity.  Finally, if the Clinic cannot maintain Mr. MacDonald as its Custodian or designate another Custodian, the Court should appoint a Custodian who can both maintain and preserve the patient files and

records, as well as a Custodian who can respond to requests for records in the various proceedings pending at both the federal and state levels.

12.     Defendant Stephen J. Schneider's counsel agrees that the patient files and records should be preserved and does not object to this motion.

Respectfully submitted,

ERIC F. MELGREN
United States Attorney

s/ Tanya J. Treadway

Tanya J. Treadway #13255
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following individuals:

Mr. Jay Greeno
330 N. Main
Wichita, KS   67202

John E. Rapp
Hulnick Law Office, P.A.
310 W. Central Avenue
Suite 111
Wichita, KS   67202-1003

s/   Tanya J. Treadway
Tanya J. Treadway #13255
Assistant United States Attorney