**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No. 07-10234-MLB |
| ) | |
| STEPHEN J. SCHNEIDER and LINDA K. ) | |
| SCHNEIDER, a/k/a LINDA ATTERBURY, ) | |
| d/b/a SCHNEIDER MEDICAL CLINIC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to compel production of Brady material and for additional discovery. (Doc. 136). The motion has been fully briefed and is ripe for decision. (Docs. 136, 141). Defendants' motion is denied for the reasons herein.

**I.   Analysis**[1]

After reviewing 250 boxes of documents produced by the government,[2] defendants assert that certain discovery has not been produced and seek an order to require the government to disclose additional information. Defendants set forth eleven items that they assert are required to be disclosed by the government. The court will

---

[1] See the facts set out in the Memorandum and Order of July 15, 2008. (Doc. 154).

[2] The government has attached a guest log from its Topeka office, the location of the documents, as an exhibit to its response. (Doc. 141, exh. 1). According to the log, defendants' counsel spent a total of 12 hours reviewing documents.

address each item in turn.[3]

A.   **Rule 16 Materials**

First, defendants request disclosure of "all Rule 16 materials not previously produced." The government responds that it has provided defendants with all Rule 16 materials. Defendants' request is therefore moot.

B.   **Title III**

Second, defendants seek any and all applications for wiretaps. Defendants then footnote the fact that "[t]he government represented that there were no Title III 'wire taps' but failed to respond specifically to this request." (Doc. 136 at 3). The government again responds that it did not utilize any wiretaps in this case. The court cannot order the government to produce documents that it has never possessed or created and cannot understand how a more specific response could be made.[4]

C.   **Brady Material**

Third, defendants make numerous requests for information which they assert is discoverable under Brady, i.e. identity of informants, undercover agents, notes and statements of witnesses, and any other

---

[3] All requests that have been categorized as Brady material are grouped together.

[4] This is the second instance in which defendants request the government to produce information that it does not have in its possession. In paragraph 6(c), defendants request production of "[a]ny evidence related to this case which the government has intentionally or inadvertently destroyed, or for any reason no longer has within its possession." (Doc. 136 at 4). This is equivalent to asking someone to tell you what he or she did not hear – in other words, to do the impossible. It also is of the "when did you stop beating your wife?" variety in that it assumes that the government has destroyed evidence. Defendants have offered no factual basis for such an assumption.

-2-

evidence that would be favorable to defendants.  The government has responded that it has provided all Brady information that it is aware of.  Brady v. Maryland requires disclosure by the prosecution of any evidence favorable to the accused.  373 U.S. 83 (1963).  Cases subsequent to Brady specifically require the prosecution to disclose promises of leniency, impeaching evidence, and exculpatory evidence. See Giglio v. United States, 405 U.S. 150 (1972) (agreements between the government and the witness must be disclosed as they are relevant to the witness' credibility); United States v. Bagley, 473 U.S. 667 (1985) (impeaching as well as exculpatory evidence favorable to the accused must be disclosed under Brady); Kyles v. Whitley, 514 U.S. 419 (1995) (government has duty to disclose exculpatory evidence even without a request).

Contrary to defendants' position, Brady and Giglio do not change the rules regarding discovery of the government's evidence.  See Weatherford v. Bursey, 429 U.S. 545, 559 (1977).  Rather, these cases place upon the government an affirmative duty of disclosure of certain types of evidence and/or information.  They do not permit a defendant to go on a fishing expedition through the government's files looking for favorable information.  Nor do they place upon the court the responsibility to conduct an in camera review of the government's files looking for exculpatory information.[5]

---

[5] Apart from the bare-bones information contained in motion papers, the court has no knowledge of either the government's or defendants' evidence or how it will be presented.  Even if the court were inclined to review the government's files - which it most definitely is not - it would not necessarily recognize the exculpatory evidence defendants apparently believe still is in the government's files which has not been produced.  Similarly, the court is not aware of defendants' defenses, defense strategy or evidence, if any, all of

-3-

The court will not specifically address each request by defendants. The government has adequately responded to defendants' requests and the court agrees with the government's authority. Defendants have failed to demonstrate that the government has not complied, and will not comply, with its obligations under Brady and Giglio.

**D.   Witnesses' Criminal Record**

Fourth, defendants request production of all witnesses' prior criminal records. The government has responded that it will provide that information, if any, when it determines who will testify during trial. The government's response is sufficient.

**E.   Documents Produced by Experts**

Fifth, defendants seek discovery of "[a]ll documents or things furnished by any expert contacted to provide an opinion on defendants' claims concerning the subject matter of this case whether or not designated as an expert." (Doc. 136 at 5). Defendants do not specify as to what types of documents they are requesting and do not address this issue more specifically in the body of their brief. The government responds that it does not understand what documents defendants are requesting, nor does the court. The government has informed the court that it disclosed all reports and Rule 16 materials. Defendants' request is denied.

**F.   Personnel Files of Testifying Agents**

Sixth, defendants argue that they are "entitled to the personnel records of testifying agents." (Doc. 136 at 14). Defendants cite

---

which it would need to know in order to even begin to recognize Brady materials in the government's files.

-4-

United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), to support their position that the government must disclose those files or, in the alternative, that "the personnel records should be produced *in camera*." (Doc. 136 at 15). Henthorn, however, does not stand for that proposition. In Henthorn, the court held that the government has a duty to examine its files for Brady and Giglio material and, in the event that it is uncertain about the materiality of the information, that it is to submit the records to the court for an in camera review. The Henthorn court determined that the files in that case must be submitted in camera because the government refused to inspect its files for Brady and Giglio material. 931 F.2d at 31. In this case, however, the government has reviewed the files and informed the court that the files do not contain any Brady or Giglio material (other than what it has already disclosed).

Defendants' request that the government be ordered to produce the files or that the court review those files in camera is therefore denied.

**G.   Information on Counts 12-17**

Seventh, defendants assert that the government must supply them with the documents that correlate to the charges in counts 12 through 17. Defendants appear to make essentially the same arguments which were set forth in their motion for a bill of particulars which was denied on July 15, 2008. (Doc. 154). Defendants cite United States v. Turkish, 458 F. Supp. 874 (S.D.N.Y. 1978) and United States v. Poindexter, 727 F. Supp. 1470 (D.D.C. 1989), for the position that the government must specifically identify the actual claims it contends were submitted by defendants. After reviewing those cases, the court

cannot determine how they support defendants' position. The cases discuss disclosure of documents that were never provided to the defendants in the first instance. In this case, defendants have been supplied with all documents related to the claims. Defendants apparently want the government to identify the documents that relate to specific counts of the indictment. The authority cited by defendants does not call for such sort of delineation. Moreover, the government has responded that it supplied defendants with spreadsheets that will be used during trial to establish those counts.

Defendants' request for the government to "specifically identify the actual claims that it contends were submitted by" defendants is denied.

**H.     Grand Jury Materials**

Eighth, defendants request disclosure of the grand jury transcripts and correctly state that they are required to "show a compelling necessity, [by demonstrating a particularized need], for breaking the indispensable secrecy of grand jury proceedings." (Doc. 136 at 13). Defendants cite a Supreme Court case that found the defendants had satisfied their burden of showing a particularized need. See Dennis v. United States, 384 U.S. 855, 86 S. Ct. 1840 (1966). Defendants then state that in this case, "numerous people failed to testify truthfully as the lion's share of 'allegations' are simply not true." (Doc. 136 at 13-14). This case is not factually similar to Dennis.[6] An unsupported allegation by defendants that

---

[6] The court noted that the defendants in Dennis had established a particularized need by showing the following:

  1. The events as to which the testimony in question

-6-

witnesses must have lied to the grand jury is not sufficient to establish a particularized need for the testimony.[7]

## I. Jencks Act Statements

Finally, defendants request that the court order the government to produce Rule 26.2 witness statements on December 1, 2008, in order to allow the trial in this case to proceed in a timely fashion. Defendants, once again, fail to cite any authority for this request. Even if the court were inclined to grant early disclosure of

---

> related occurred between 1948 and 1955. The grand jury testimony was taken in 1956, while these events were relatively fresh. The trial testimony which petitioners seek to compare with the 1956 grand jury testimony was not taken until 1963. Certainly, there was reason to assay the latter testimony, some of which is 15 years after the event against the much fresher testimony before the grand jury.
>
> 2. The motions in question involved the testimony of four of the eight government witnesses. They were key witnesses. The charge could not be proved on the basis of evidence exclusive of that here involved.
>
> 3. The testimony of the four witnesses concerned conversations and oral statements made in meetings. It was largely uncorroborated. Where the question of guilt or innocence may turn on exactly what was said, the defense is clearly entitled to all relevant aid which is reasonably available to ascertain the precise substance of the statements.
>
> 4. Two of the witnesses were accomplices, one of these being also a paid informer. A third had separated from the union and had reasons for hostility toward petitioners.
>
> 5. One witness admitted on cross-examination that he had in earlier statements been mistaken about significant dates.

Dennis, 384 U.S. at 872-873.

[7] Defendants state that they will ". . . contend at trial that numerous people failed to testify truthfully as the lion's share of the 'allegations' are simply not true." Defendants apparently have information regarding the identity of witnesses and their grand jury testimony which they have not disclosed in their motion.

-7-

government witness statements, it has no power to do so.  The plain language of the Jencks Act prohibits a court from ordering disclosure of such statements before the witness testifies.  18 U.S.C. § 3500(a).

Defendants' request for the production of Jencks Act material more than two months prior to a witness' testimony is denied.

**II. Conclusion**

Defendants' motion to compel production of Brady material and discovery is denied.  (Doc. 136).


IT IS SO ORDERED.

Dated this    24th    day of July 2008, at Wichita, Kansas.


                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE