IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>STEPHEN J. SCHNEIDER, )<br>      and )<br>LINDA K. SCHNEIDER, a/k/a )<br>LINDA K. ATTERBURY, )<br>d/b/a SCHNEIDER MEDICAL CLINIC, )<br>)<br>      Defendants. )<br>_____) | No. 07-10234-MLB |

## GOVERNMENT'S UNOPPOSED MOTION FOR TRIAL TO BE HELD IN COURTROOM HAVING FULL ELECTRONIC CAPABILITIES and MEMORANDUM IN SUPPORT

The United States of America, by and through Assistant United States Attorneys Tanya J. Treadway and Alan G. Metzger, hereby moves the Court for the trial to be held in a courtroom having sufficient electronic capabilities to allow all parties to present their case as efficiently as possible through electronic means. Government counsel has discussed this motion with defense counsel, and defense counsel and the defendants do not oppose this motion and support it.

1

### JURISDICTION PENDING APPEAL

The government submits that this Court has jurisdiction over this collateral matter during the pendency of the government's appeal.[1] This motion concerns a collateral matter not involved in the appeal.

### DISCUSSION

This case was long ago designated as a complex case, in part because of the extensive documents. All parties have filed their exhibit lists with the Court, and the exhibits for both the government and the defense fill numerous binders. All parties have prepared their documentary exhibits for display to the jury through various computer programs, which will enable the jury to follow the admitted documentary evidence while the witnesses discuss it.

The government also has various synchronized video and audio tapes to display to the jury through the computer, which makes it much easier for the jury to hear, follow, and understand this evidence.

The government's exhibits include many summary exhibits. To most efficiently and effectively present some of this summary evidence, the government will need to use summary charts blown up for presentation, while simultaneously displaying through the computer the underlying documents for the witnesses and the jury.

As the Court is well aware, the courtrooms that have been updated for these types of electronic presentations are available in all three court houses, but not all

---

[1] *See United States v. Carbajal-Moreno*, 2009 WL 1566799 *4 (10th Cir. June 5, 2009) (citing and quoting, *Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (sanctions)); *United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996) (release pending appeal).

courtrooms have the full electronic capabilities needed for the parties' planned electronic presentation of evidence. In Kansas City, there are three fully equipped courtrooms, and in Topeka, there are two fully equipped courtrooms. These courtrooms have monitors for jurors, the witness, counsel, the Court, and at the lectern. The witness and lectern monitors have touch screens, there is an Elmo, and the audio is played through the courtroom system. In Wichita, there is one electronic courtroom with all of the above equipment, save for courtroom audio capabilities.

The small size of some courtrooms[2] makes it difficult, if not impossible, to effectively use electronic presentation equipment. This is especially true of the first floor courtroom in Wichita, which does not allow the jury to view simultaneously the witness and the electronically displayed documents.

The electronic courtrooms allow the litigants to simply bring in their computers and plug them in, without the need for projectors, screens, televisions, and running and taping electrical cords on the floor. In the small first floor courtroom in Wichita, the screens and televisions cannot be easily seen by all jurors, and placement is limited because of the courtroom's size and odd shape. The electronic courtrooms have monitors that are easily viewed by all parties, including the Court, the jury, the witness, the defense team, and the prosecution team. Additionally, most of the electronic courtrooms have a much better built-in sound system for audio and video tapes.

---

[2] In the January 26, 2009, hearing, the Court itself noted the small size of its courtroom, which causes problems with "goings and comings" and with bench conferences. See Doc. 334 at pp. 6-8 (Transcript of Hearing) (Attached as Exhibit 1).

In the electronic courtrooms, the Court has better control over the electronic presentation of evidence because it is the Courtroom Deputy that controls the on/off switch for the monitors. This control eliminates the possibility that litigants will display documents that have not yet been admitted.

Federal Rule of Criminal Procedure 18 provides that "[t]he court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."[3]  Additionally, the Court must consider practical matters, the needs of the court to provide adequate facilities, and what course of action best serves the interest of justice. *See United States v. Gurney*, 393 F. Supp. 688, 706 (M.D. Fla. 1974); *United States v. Cohen*, 35 F.R.D. 227, 231 (N.D. Cal. 1964). The defendants, in supporting this motion, agree that an electronic courtroom will be more convenient and will best serve the interest of justice.

In exercising their discretion, courts across the country are now taking into account the availability of suitable facilities for trial, including the availability of an electronic courtroom, in determining the situs for trials of complex cases. *See, e.g.*, *United States v. McKinney*, 53 F.3d 664, 673 (5th Cir. 1995). In *United States v. Wheeler*, 79 Fed. Appx. 656 (5th Cir. 2003), the district court denied a defendant's

---

[3] Case law indicates that the government's convenience and the court's convenience are not considerations under the Rule. *See, e.g. Dupoint v. United States*, 388 F.2d 39, 44 (5th Cir. 1967) (convenience of the government is not a relevant factor); *United States v. Fernandez*, 480 F.2d 726, 730 (2d Cir. 1973) (court's convenience not relevant). Nevertheless, in this case, an electronic courtroom would be most convenient for all involved, including the government and the Court, as such facilities would streamline the presentation of evidence and make the trial more efficient.

request for an intra-district transfer in part because the nature of the trial required access to an electronic courtroom.  See id. at 660.  Similarly, in United States v. Stokes, 2009 WL 1542734 (N.D. Miss. 2009), the district court denied defendant's request for an intra-district transfer, concluding that an electronic courtroom in Oxford was "better suited for the trial of this matter as it involves voluminous records and an extended duration" and that an electronic courtroom "will be absolutely necessary due to the voluminous records which may be published to the jury[.]"  Id. at *3.

Being able to try this complex and document-intensive case in a courtroom with full electronic capabilities will make the trial much more efficient for the jury, the Court, and the parties.

## CONCLUSION

The parties request that the trial be held in a courtroom with full electronic capabilities.

Respectfully submitted,

LANNY WELCH
United States Attorney

s/ Tanya J. Treadway

Tanya J. Treadway #13255
Assistant United States Attorney

s/ Alan G. Metzger

Alan G. Metzger #10143
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 5, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following individuals:

Lawrence W. Williamson, Jr.
218 Delaware, Suite 207
Kansas City, MO   64105

Eugene V. Gorokhov
1739 Clarendon Blvd.
Arlington, VA   22209

Kevin P. Byers
107 South High Street, Suite 400
Columbus, OH   43125-3456

David Phillip Leon
1540 N. Broadway, Suite 101
Wichita, KS   67214

                    s/   Tanya J. Treadway
                    Tanya J. Treadway #13255
                    Assistant United States Attorney