Lawrence W. Williamson, Jr.
**Williamson Law Firm, LLC**
**Attorney and Counselor at Law**
816 Ann Ave
Kansas City, Kansas 66101
Telephone: (913) 871-7060
Facsimile: (913) 535-0736
E: l.williamson@williamsonfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STEPHEN J. SCHNEIDER ) <br> and ) <br> LINDA K. SCHNEIDER, a/k/a ) <br> LINDA ATTERBURY, ) <br> d/b/a/ SCHNEIDER MEDICAL CLINIC, ) <br> ) <br> ) <br> Defendants. ) | Case No.: 07-10234-MLB <br><br> DEFENDANTS' RESPONSE TO GOVERNMENT'S JUNE 11, 2010 TRIAL BRIEF |

**DEFENDANTS' RESPONSE TO GOVERNMENT'S JUNE 11, 2010 TRIAL BRIEF**

COMES NOW, Defendant, Stephen Schneider, through his attorney, Lawrence W. Williamson, Jr. of Williamson Law Firm, LLC and Defendant Linda Schneider through her attorneys Kevin Byers and Eugene Gorokhov, respond to the government's trial brief as follows:

The court asked the government for authority that the term distribution should be utilized instead of dispense and the government has utterly failed to do so. The government then regurgitates opinions from its unreliable witnesses. Moreover, the government identifies the proper definitional sections but fails to provide the actual definitions.

> (10) The term "dispense" means to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery. The term "dispenser" means a practitioner who so delivers a controlled substance to an ultimate user or research subject.
>
> (11) The term "distribute" means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical. The term "distributor" means a person who so delivers a controlled substance or a listed chemical.

21 U.S.C. § 802(10)(11).

This court does not need a primer in statutory construction. The basic tenents of such are evident here. There is a specific instruction for dispensing, which includes the term practitioner. The distribution definition specifically is dependant on the definition of dispense. In other words, if the alleged act is covered under the definition of dispensing, then the act is considered dispensing. If the act is delivering a controlled substance by a means other that administering or dispensing, then the act would be considered distributing. The court understands this distinction and the instructions regarding this issue are appropriate.

The government would have the court to "read-out" the distinctions between "distributing" and "dispensing". It does so by citing the definition of "practitioner". However a reading of this definition actually proves that the government's interpretation is wrong. "Practitioner" is defined as:

> a physician, dentist, veterinarian, scientific investigator, pharmacy, hospital, or other person licensed, registered, or otherwise permitted, by the United States or the jurisdiction in which he practices or does research, to ***distribute, dispense***, conduct research with respect to, administer, ***or*** use in teaching or chemical analysis, a controlled substance in the course of professional practice or research.

21 U.S.C. § 802(21). (emphasis added). This definition preserves the terms "distribute" and "dispense" in the disjunctive term, thereby maintaining the separation. As such, the plain language is clear. "[I]n interpreting a statute a court should always turn to one cardinal canon

DEFENDANTS' RESPONSE TO GOVERNMENT'S JUNE 11, 2010 TRIAL BRIEF

before all others. . . .[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 112 S. Ct. 1146, 1149 (1992). Indeed, "when the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Id*. Although the judicial inquiry is complete, a brief review of three cases cited by the government closes the door on its arguments.

First, *United States v. Smurthwaite*, 590 F.2d 889, 890 (10th Cir. 1979) does not address the definitional differences between dispensing and distributing and is not on point.

Second, *United States v. Fellman*, 549 F.2d 181, 183 (10th Cir. 1977) simply provides that a practitioner can be charged with distributing. This is not disputed and not the issue.

Most importantly, in *United States v. Badia*, 490 F.2d 296, 297 (1st Cir. 1973), which is cited with approval by the Tenth Circuit in *Fellman*, squarely identifies the difference between dispense and distribute. In *Badia*, the government witness testified that on three occasions he was directly sold controlled substances from appellant's stock *or* sold prescriptions for controlled substances. As such, it is clear, being directly sold controlled substances is distribution. Receiving a prescription that must be filled by someone relying on such, is dispensing. Period.

For the reasons set forth herein, defendants request that the court deny the government's request.

Respectfully submitted,

s/ Lawrence W. Williamson, Jr.
Lawrence W. Williamson, Jr. #21282
**Williamson Law Firm, LLC**
**Attorney and Counselor at Law**
816 Ann Ave
Kansas City, Kansas  66101
Telephone:  (913) 871-7060
Facsimile:   (913) 535-0736
E: l.williamson@williamsonfirm.com

***Attorney for Stephen Schneider***

Kevin P. Byers Co., L.P.A.

By:  s/Kevin P. Byers
Kevin P. Byers
OSB # 0040253
107 South High Street, Suite 400
Columbus, Ohio 43215-3456
Telephone 614.228.6283
Facsimile 614.228.6425
Email Kevin@KPByersLaw.com

Eugene V. Gorokhov, PLLC

By:  s/Eugene V. Gorokhov
Eugene V. Gorokhov
VSB # 73582
1800 Wilson Blvd., Suite 12
Arlington, Virginia 22201-6609
Telephone 703.310.7587
Facsimile 267.390.7587
Email eugene@evgpllc.com

The Law Offices of Uzo L. Ohaebosim

By: s/Uzo L. Ohaebosim
510 N. Topeka
Wichita, KS. 67203
Phone: 316.261.5400
Fax: 316.261.5404
Email u.ohaebosim@swolawfirm.com

 s/David P. Leon
1540 North Broadway, Suite 101
Wichita , KS 67214
316-264-2154
Fax: 316-263-0148
Email: leonlaw@cox.net

Trial Co-counsel for Defendant
Linda K. Atterbury

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was filed via CM/ECF causing delivery to:

Tanya J. Treadway
Assistant United States Attorney
290 U.S. Courthouse
444 S.E. Quincy
Topeka, KS 66683-3592

this June 11, 2010.

s/ Lawrence W. Williamson, Jr.
Lawrence W. Williamson