IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-10234-MLB |
| ) | |
| STEPHEN J. SCHNEIDER, ) | |
| and ) | |
| LINDA K. SCHNEIDER, a/k/a ) | |
| LINDA K. ATTERBURY, ) | |
| d/b/a SCHNEIDER MEDICAL CLINIC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **PRELIMINARY ORDER OF FORFEITURE**

Before the Court is the United States' Motion For Preliminary Forfeiture Order (Doc. 510), the Defendants' Response (Doc. 515) and the United States' Reply (Doc. 516). The Court having reviewed these documents rules on the United States' motion as follows:

The Court finds that, as a result of the guilty verdicts entered in this case and the evidence entered into the record during trial, the United States has established the requisite nexus between the property sought to be forfeited and the corresponding offenses. Additionally, the Court finds that the United States has established that proceeds were obtained from the offenses for which the defendants have been convicted and further finds that a forfeiture money judgment shall be imposed against the defendants as set out herein. Further, the United States has established that certain property was involved in the money laundering offenses for which the defendants have been convicted and such property shall be forfeited. Lastly, the United States has established the amount of a forfeiture money judgment based on the money laundering convictions.

**I.      CONTROLLED SUBSTANCES - FORFEITURE MONEY JUDGMENT**

The controlled substances counts for which the defendants were convicted are Counts 2-6.  The United States seeks a forfeiture money judgment in the amount of $1,564,087 against the defendants pursuant to 21 U.S.C. § 853(a)(1) which  represents the amount of proceeds the United States contends were obtained by the defendants as a result of Counts 2-6.  As stated in the United States' Motion For Preliminary Order of Forfeiture, the  drug dispensing and health care fraud offenses are inextricably linked when it comes to the determination of the amount of proceeds obtained.   The evidence presented in this case established that the total amount of proceeds derived from the controlled substances and health care fraud violations was $1,273,017.  (This is consistent with my order filed herein on October 20, 2010, Doc. 524).

**II.     HEALTH CARE FRAUD - FORFEITURE MONEY JUDGMENT**

The health care fraud counts for which the defendants were convicted are Count 1 (conspiracy to commit health care fraud) and Counts 7-17, and the United States seeks a forfeiture money judgment for these violations in the amount $4,243,392.  As stated above, the evidence presented at trial established that the amount of proceeds derived was $1,273,017.  Accordingly, the amount of forfeiture judgment for Count 1 and Counts 7-17 is $1,273,017.  To avoid double counting of the same proceeds twice (i.e. the proceeds from the controlled substances violations and the proceeds from the health care fraud violations), the Court is only going to impose one forfeiture money judgment against the defendants in the amount of $1,273,017 which shall be imposed jointly and severally.

**III.    FORFEITURE OF SPECIFIC ASSETS**

The United States seeks forfeiture of specific assets that were identified in the first

Forfeiture Allegation (controlled substances counts), the second Forfeiture Allegation (health care fraud counts), and the third Forfeiture Allegation (money laundering counts) of the Third Superseding Indictment.  The Court finds that the United States has met its burden regarding forfeitability for each of the assets listed in Exhibit A to its Motion for Preliminary Order of Forfeiture (Doc. 510).  In Attachment A to this Order, the Court identifies the assets that are to be forfeited, the count of conviction which serves as the basis for the forfeiture of each particular asset and the statute authorizing such forfeiture.

### III.   MONEY LAUNDERING - FORFEITURE JUDGMENT

Defendant Linda Schneider was convicted of money laundering as set out in Counts Counts 18-22 and 25-34.  Defendant Stephen Schneider was convicted of money laundering as set out in Counts 26 and 28.  The evidence presented at trial demonstrated that the following amounts of money were involved in each of the money laundering counts:

| Count | Amount   | Count | Amount    | Count | Amount    |
|-------|----------|-------|-----------|-------|-----------|
| 18    | $50,000  | 25    | $130,000  | 30    | $100,000  |
| 19    | $50,000  | 26    | $130,000  | 31    | $100,000  |
| 20    | $50,000  | 27    | $100,000  | 32    | $ 85,000  |
| 21    | $50,000  | 28    | $ 54,245  | 33    | $ 85,000  |
| 22    | $60,000  | 29    | $ 90,000  | 34    | $100,000  |

Accordingly, the United States is entitled to a forfeiture money judgment on each of the Counts listed above in the corresponding amounts.  However, as the United States points out in its Motion, the evidence presented at trial established that several of the money laundering transactions involved the same money.  To avoid duplicate counting of the same money involved in multiple transactions, the Court will only impose the following forfeiture money judgment.  A forfeiture money judgment is hereby imposed against defendant Linda Schneider in the

aggregate amount of $674,245.00 which represents a money judgment for Counts 26-31, and 34. Defendant Stephen Schneider is jointly and several liable for $184,245 of the $674,245 money judgment, which represents the amount of money involved in the money laundering transactions set out in Counts 26 and 28.

## IV.     DOUBLE COUNTING

The Court has ordered forfeiture of all the assets set out in Attachment A to this Order. Some of the assets listed in Attachment A have been found to be forfeitable pursuant to more than one forfeiture statute. Additionally, the $1,273,017 forfeiture judgment for the conspiracy to commit health care fraud (Count 1) encompasses all of the money involved in the money laundering violations because the defendants did not use any non-fraud monies in the money laundering transactions.  To avoid double counting of the forfeited assets and amounts of forfeiture judgments, the Court hereby orders the following:

1.     A forfeiture money judgment is hereby imposed against the defendants, jointly and severally in the amount of $1,273,017.

2.     The interests of the defendants in the assets listed in Attachment A shall be forfeited to the United States.

3.     The United States is hereby authorized to seize the assets listed in Attachment A, if not already seized, and the defendants' interest in said assets is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. §853(n)(1).

4.     The assets listed in Attachment A, shall be liquidated pursuant to law and the Department of Justice procedures and regulations, and applied towards satisfaction of the

$1,273.017 forfeiture money judgment.

5. Upon the entry of this Order, the United States shall post to www.forfeiture.gov, for a period of 30 consecutive days, notice of this Order, notice of the United States' intent to dispose of the property according to law, and notice that any other person, other than the defendants, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with this Court within thirty days of the final publication of notice, or receipt of actual notice whichever is earlier.

6. Further, the notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties, and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is identified, above, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

So ordered this 19th day of November, 2010.

       s/ Monti L. Belot
       MONTI L. BELOT
       UNITED STATES DISTRICT COURT JUDGE

**ATTACHMENT A**

**FINDINGS REGARDING FORFEITURE FOR SPECIFIC ASSETS**

| ASSET | COUNT | BASIS FOR FINDING ASSETS FORFEITABLE |
| --- | --- | --- |
| Schneider Medical Clinic 7030 S. Broadway Haysville, Kansas | Count 1 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| | Counts 2-6 | Facilitating Property of Drug Offenses, 21 U.S.C. § 853(a)(2) |
| | Counts 7-17 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| 2004 Hummer H2 VIN 5GRGN23U34H106071 | Count 1 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| | Counts 2-6 | Facilitating Property of Drug Offenses, 21 U.S.C. § 853(a)(2) |
| | Counts 7-17 | Proceeds of Drug Offenses, 21 U.S.C. § 853(a)(1) |
| | Count 28 | Property Involved in Money Laundering 18 U.S.C. § 982(a)(1) |
| Kansas Board of Healing Arts License #0522385 | Counts 2-6 | Facilitating Property of Drug Offenses, 21 U.S.C. § 853(a)(2) |
| Valley State Bank Account XXX571 | Count 1 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| | Counts 2-6 | Proceeds of Drug Offenses, 21 U.S.C. § 853(a)(1) |
| | Counts 7-17 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| | Counts 18, 27-31 | Property Involved in Money Laundering, 18 U.S.C. § 982(a)(1) |

Exhibit A

| ASSET | COUNT | BASIS FOR FINDING ASSETS FORFEITABLE |
|---|---|---|
| Valley State Bank Account XXX012 | Count 1 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| | Counts 2-6 | Proceeds of Drug Offenses, 21 U.S.C. § 853(a)(1) |
| | Counts 7-17 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| | Counts 33, 34 | Property Involved in Money Laundering, 18 U.S.C. § 982(a)(1) |
| Bank of America Account XXXX XXXX 0429 | Count 1 | Proceeds of Health Care Fraud,18 U.S.C. § 982(a)(7) |
| | Counts 2-6 | Proceeds of Drug Offenses, 21 U.S.C. § 853(a)(1) |
| | Counts 7-17 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| Credit Union of America Account XXX678 | Count 1 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| | Counts 2-6 | Proceeds of Drug Offenses, 21 U.S.C. § 853(a)(1) |
| | Counts 7-17 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| | Counts 19, 20, 27, 29, 30, 32 | Property Involved in Money Laundering, 18 U.S.C. § 982(a)(1) |
| Credit Union of America Account XXX131 | Count 1 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| | Counts 2-6 | Proceeds of Drug Offenses, 21 U.S.C. § 853(a)(1) |
| | Counts 7-17 | Proceeds of Health Care Fraud, 18 U.S.C. § 982(a)(7) |
| | Count 31 | Property Involved in Money Laundering, 18 U.S.C. § 982(a)(1) |

| ASSET | COUNT | BASIS FOR FINDING ASSETS FORFEITABLE |
|---|---|---|
| Bancomer Bank Account XXXXXX6336 | Count 26 | Property Involved in Money Laundering, 18 U.S.C. § 982(a)(1) |
| Intrust Bank Account XXX8364 | Counts 21, 22 | Property Involved in Money Laundering, 18 U.S.C. § 982(a)(1) |
| Intrust Bank Account XXXXXX2025 | Count 25 | Property Involved in Money Laundering, 18 U.S.C. § 982(a)(1) |