IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v.   )<br>)<br>STEPHEN J. SCHNEIDER,   )<br>    and   )<br>LINDA K. SCHNEIDER, a/k/a   )<br>LINDA K. ATTERBURY,   )<br>d/b/a SCHNEIDER MEDICAL CLINIC,   )<br>)<br>Defendants.   )<br>_____) | No. 07-10234-MLB |

## REPATRIATION AND RESTRAINING ORDER

This matter is before the Court on the government's motion pursuant to 21 U.S.C. § 853(e)(4)(A) and (e)(1)(A) for an order directing the defendants to repatriate to the United States of America the contents of a foreign-held bank account, which are assets subject to forfeiture in this case, and for a restraining order to preserve the availability of these assets.  Upon consideration of the government's motion, the defendants' response and the government's reply, the indictment, the verdicts, and the Affidavit of Special Agent James Greer, the Court finds there is reasonable cause to enter a repatriation and restraining order.

The assets with respect to which the order is sought are subject to forfeiture under 18 U.S.C. § 982(a)(1) because the account contains:  (1)  the proceeds of illegal dispensing of controlled substances, in violation of 21 U.S.C. § 841(a)(1); (2)  the proceeds of health care fraud, in violation of 18 U.S.C. § 1347; and (3) property involved in illegal monetary transactions, in violation of 18 U.S.C. § 1957.

1

Pursuant to the Court's authority under the provisions of 21 U.S.C. §§ 853(e)(4)(A) and (e)(1)(A), IT IS HEREBY ORDERED:

1.	The defendants shall immediately, and no later than within thirty (30) days from the date of this Order, take all steps necessary to repatriate or authorize and effect the repatriation of the monies in account number XXXXXX6336, in the name of Linda K. Atterbury, at the BBVA Bancomer SA de CV Bank ("Bancomer Bank ") in Acapulco, Mexico;

2.	The identified bank account subject to this Order shall be liquidated and the funds paid to the United States Marshal by wire transfer, pursuant to directions the defendants or their counsel shall obtain from the U.S. Attorney's Office;

3.	The defendants shall immediately, and no later than within thirty (30) days from the date of this Order, take all steps necessary to authorize Bancomer Bank to provide documents responsive to the Rule 17(c) subpoenas previously authorized by this Court.

4.	The assets subject to this Order shall be made available to satisfy the Orders of forfeiture entered in this case.  If the total value of assets repatriated in compliance with this Order is larger than the forfeiture orders, the United States Marshal shall promptly return the balance of the repatriated assets to the defendants.	5.	Effective immediately, the defendants, their agents, servants, employees, attorneys, family members, third parties, and those persons, financial institutions, or entities who have any interest or control over the subject assets, are hereby RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard,

from attempting or completing any action, other than the above-ordered repatriation, that would affect the availability or value of the assets identified above, including but not limited to withdrawing, assigning, pledging, encumbering, wasting, secreting, or otherwise disposing of the assets.

IT IS FURTHER ORDERED that the United States Attorney General or his designee shall promptly serve a copy of this Restraining Order upon the defendants and shall make a return thereon reflecting the date and time of service.

THIS ORDER shall remain in full force and effect until further order of this Court.

ORDERED this 23rd day of February, 2011, in Wichita, Kansas.

        s/ Monti L. Belot
        MONTI L. BELOT
        Senior United States District Judge